# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
| Plaintiff, | : | |
| | : | Case No. 3:07CV296 |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| DARREN E. BOOTH, *et al.*, | : | |
| Defendants. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff in this foreclosure action asserts in its Motion To Dismiss (Doc. #14) that dismissal of Defendant Unknown Spouse (if any) of Darren E. Booth, 412 Floyd Street, Lewisburg, OH 45338 is warranted under Fed. R. Civ. P. 21. Plaintiff explains that it has been unable to legally identify this person, and consequently, this person is not a necessary party to this action.

Rule 21 of the Federal Rules of Civil Procedure provides for severance of claims or parties by stating, in part, "Parties may be dropped or added by order of the court on motion of any parties or of its own initiative at any stage of the case and on such terms as are just...." Because Plaintiff has been unable to legally identify the particular Defendant

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

it seeks to dismiss, Plaintiff has shown good cause for a Rule 21 dismissal as to this Defendant.

Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion to Dismiss (Doc. #14) be **GRANTED**, and Defendant Unknown Spouse (if any) of Darren E. Booth, 412 Floyd Street, Lewisburg, OH 45338 be **DISMISSED** as a party to this case pursuant to Fed. R. Civ. P. 21.

October 29, 2007

                                               s/Sharon L. Ovington
                                               Sharon L. Ovington
                                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).